OPINION OF THE COURT
Loren N. Brown, J.
By order to show cause and supporting papers, the petitioner moves for an order canceling and discharging of record *336 the mechanic’s lien filed by the respondent against the premises known as Michelle Manor Subdivision located in the Town of Niskayuna, Albany and Schenectady Counties.
The petitioner is the owner of the premises subjected to the lien. The premises consists of a housing development, and the work performed was the installation of storm drains, water, sanitary and storm taps, and related work along the roads of the development. The notice of lien, dated August 1, 1986, states, in part, that four months have not elapsed since the last item of work was performed, and the last items of materials were furnished, nor since the completion of the contract, nor since the final performance of the work, nor since the final furnishing of materials. In fact, more than four months, but fewer than eight months, had elapsed.
The petitioner now moves for discharge on the grounds that the notice of lien is defective on its face, and because the notice was not filed within four months, as required by Lien Law § 10.
Addressing, first, the alleged untimeliness of the filing, in 1982, Lien Law § 10 was amended by Laws of 1982 (ch 477, § 1) to increase the time in which to file a notice of lien involving real property from four months to eight, except when the “improvement is related to real property improved or to be improved with a single family dwelling”. When the improvement is related to a single-family dwelling, the time in which to file the notice of lien remained four months. The petitioner contends that because the housing development has, or will have, many single-family residences, the work is related to a single-family dwelling, and the four-month period is applicable.
The court is of the opinion that the petitioner’s expansive interpretation of section 10 is a misinterpretation of the statute. A more reasonable reading of the statute limits the application of the four-month period to a single residence, not a collection of many residences. It is not the nature of the project, but the size of the project, that is important.
Though there have been no published cases on point to assist the court, the legislative history confirms the court’s interpretation of the statute as amended. The memoranda submitted to the Honorable John McGoldrick, the Governor’s counsel, in favor of and against the bill shows that the intent of the amendment was to allow an additional time for subcontractors working on large projects, the same type of large *337 project at issue here, to amicably collect money due from the general contractor before a lien has to be filed. The time for filing for improvements to a single-family residence was unchanged, because the project, involving a single structure, is small, construction schedules are shorter, and the four-month time limit appeared to be adequate.
The court concludes that the notice of lien had to be filed within the eight-month period and, therefore, the filing was timely.
Addressing the defect on the face of the notice of lien, Lien Law § 9 lists the information which must be contained on the notice. The petitioner does not claim that any of the essential information is missing, only that an inaccuracy exists on a matter not required by section 9. Though an inaccuracy does exist, the correct information appears on the face of the lien. The defect, an obvious and inconsequential error caused by the use of a form printed before the 1982 amendment, should be disregarded as a mere irregularity.
The petition to discharge the lien is dismissed.